UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD SUITOR,

              Plaintiff,              Case No. 17-cv-11137

v.                                          Honorable Thomas L. Ludington

CHARTER COMMUNICATIONS, LLC,

              Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

On April 11, 2017, Plaintiff Ronald Suitor filed a complaint against Defendant Charter Communications, LLC. ECF No. 1. Suitor alleges that Charter fired him in retaliation for taking medical leave, thus violating the Family and Medical Leave Act, 29 U.S.C. § 2615. On January 9, 2018, Charter filed a motion for summary judgment. That motion was granted on May 2, 2018. ECF No. 20. Suitor has now filed a motion for reconsideration wherein he argues that Charter's apparent pattern of interfering with Suitor's ability to take FMLA leave creates an issue of fact regarding whether Charter *retaliated* against Suitor for taking FMLA. ECF No. 22. At the Court's direction, Charter filed a response to the motion. For the following reasons, the motion for reconsideration will be denied.

**I.**

Suitor's motion for reconsideration challenges the Court's analysis of the evidence, not its summary of the evidence. For that reason, the factual synopsis provided in the May 2, 2018, opinion and order will be adopted in full. To briefly summarize, Suitor worked as a direct sales representative for Charter for several years. Early in his time with Charter, Suitor was investigated for violating Charter's ethics policies. The investigation found that Suitor allowed another sales

representative to log into Charter's software with Suitor's information and log a sale. In early 2016, Suitor took FMLA leave to care for his wife and his father. Upon his return (and, indeed, through large portions of his time with Charter), Suitor received a warning for failure to meet his sales quotas. In July 2016, Charter initiated another ethics investigation after a customer reported that Suitor had signed them up for services under a fake name. The investigation revealed several instances of Suitor signing up customers under incorrect names. Charter concluded that the pattern was indicative of fraudulent intent by Suitor and terminated his employment.

## II.

Plaintiffs have filed a motion for reconsideration. Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

## III.

In his motion for reconsideration, Suitor argues that the Court "committed a palpable defect by solely analyzing the evidence under the first method of establishing that the employer's proferred reason for the adverse action was a pretext for retaliation." Mot. Recon. at 1, ECF No.

22. Suitor argues that the Court should also have considered whether "Defendant's serial violations of Plaintiff's FMLA rights and the financial incentive for Plaintiff's supervisors to violate his rights also raised a question regarding Defendant's motivation." *Id.*

It is true that, in analyzing whether an employer's motive for terminating an employee was pretextual, one potential question is whether the employer's proffered, nondiscriminatory reason actually motivated the termination. *See Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009) (A "plaintiff can show pretext in three interrelated ways: (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that they were insufficient to motivate the employer's action.").

To establish pretext under this second prong, "the plaintiff admits the factual basis underlying the discharge and acknowledges that such conduct could motivate the dismissal, but attacks the employer's explanation 'by showing circumstances which tend to prove an illegal motivation was more likely than that offered by the defendant.'" *Smith v. Leggett Wire Co.*, 220 F.3d 752, 759 (6th Cir. 2000) (quoting *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)). Indeed, to argue pretext under the second method, the plaintiff must admit the factual basis underlying the proffered reason for termination. *See Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 349 (6th Cir. 2012). At summary judgment, Suitor did not admit the factual basis.

Nevertheless, alternative, inconsistent arguments are sometimes tolerated as necessary legal fictions. To demonstrate a material issue of fact under the second pretext prong, "the plaintiff argues that the sheer weight of the circumstantial evidence of discrimination makes it "'more likely than not' that the employer's explanation is a pretext, or coverup." *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994). To prevail, the plaintiff "may not rely simply

upon his prima facie evidence but must, instead, introduce additional evidence of discrimination."
*Id.*

Suitor attempts to meet his burden under the pretext prong by returning, once again, to the evidence in the record which might have supported an interference claim. *See* Mot. Recon. at 6–8. As an initial matter, Suitor's argument presumes that "pretext can be shown not only by proof that the employer's stated reason was not the honest reason for his action but also by proof that the stated reason was 'insufficient to motivate' the action." *Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 417 (7th Cir. 2006) (squarely rejecting this "persistent dictum" as adding "nothing to the analysis of pretext but confusion"). As the Seventh Circuit explained in *Forrestor*, that apparent distinction is impenetrable.

> If the stated reason for the challenged action did not motivate the action, then it was indeed pretextual. If it was *insufficient* to motivate the action, either this means that it didn't motivate it, or that it shouldn't have motivated it. If the first is the intended sense, the dictum is just a murky way of saying that the stated reason was not the real reason. If the second sense is the one intended, then the dictum is wrong because the question is never whether the employer was mistaken, cruel, unethical, out of his head, or downright irrational in taking the action for the stated reason, but simply whether the stated reason was his reason: not a good reason, but the true reason.

*Id.* at 417–18 (emphasis in original). *See also Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 n.4 (6th Cir. 2009) (describing the criticism in *Forrestor* as "potent" and confirming that "it is important to avoid formalism in [the three part test's] application, lest one lose the forest for the trees. Pretext is a commonsense inquiry: did the employer fire the employee for the stated reason or not?").

With this background in mind, it is apparent that Suitor's "actual motivation" argument has no merit because, as the Court concluded in the May 2, 2018, opinion and order, Charter's decision was premised on its honest belief that Suitor had repeatedly violated Charter's ethical standards:

> Suitor has simply identified no evidence which suggests that Charter's investigation resulted in something less than a "reasonably informed and considered decision" to

terminate his employment. Braithwaite, 258 F.3d at 494. The investigation was originally triggered by a customer who reported misconduct by Suitor. Charter management did not sua sponte initiate the investigation in order to find a reason to terminate Suitor. The audit of Suitor's sales revealed six sales where the order form contained incorrect information. Even after investigation revealed this pattern, Charter merely held a meeting, asked Suitor to provide an investigation, and suspended him pending further investigation. After that meeting, Suitor's supervisor contacted two customers identified in the original investigation. He questioned them regarding their encounter with Suitor. Both customers expressly testified that Suitor was aware they were existing Charter customers and convinced them to allow him to sign them up for services under a false name. At this point, there was significant evidence of intentional wrongdoing which had been corroborated by several independent sources. It is true, as Suitor emphasizes, that the customers could have been lying. But Charter was not required to conduct an "optimal" investigation which "left no stone unturned." Chrsyler, 155 F.3d at 807. And, in the absence of any evidence supporting the theory that multiple customers independently decided to accuse Suitor of falsifying information, that speculative theory does not undermine Charter's assertion that it honestly believed the customers.

Additionally, Suitor admitted at his deposition that he committed two technical violations of Charter's ethical guidelines. On November 19, 2014, Suitor permitted another sales representative to complete a sales using his login information. Suitor Dep. at 52. Suitor argued that this practice was commonplace, but admitted that the violation occurred. Likewise, during the investigation into the potential falsification of customer information, Suitor admitted that he did not always check customer identification. Mr. Zybtowski testified that when an employee commits two ethical violations, the default remedy is termination. Zybtowksi Dep. at 25–26. Suitor does not contest that assertion. These admissions thus form an alternative basis for Charter's termination.

In summary, Suitor has not identified evidence which contradicts or undermines Charter's proffered factual basis for terminating him. Suitor has likewise presented no evidence which suggests that Charter did not honestly believe that Suitor was falsifying customer information. And, finally, Suitor's own testimony establishes that he committed two violations of Charter's procedures, which forms an independent basis for termination. Suitor's retaliation claim will be dismissed.

May 2, 2018, Op. & Order at 26–27.

Thus, Suitor has simply provided no reason to believe that Charter's investigation was a farce or that its ultimate conclusion that he violated Charter ethical standards was disingenuous. The record confirms that Charter's practice is to terminate employees who have committed two

ethical violations. *See id.* at 15 (citing Zybtowski Dep. at 25–26). There is overwhelming evidence that Charter's proffered reason for termination was well-supported, honestly believed, and sufficient to constitute a basis for termination. The evidence of apparent interference which Suitor relies upon provides a speculative motive for discriminatory termination,[1] but falls far short of providing a basis for a jury to conclude that Suitor's taking of FMLA leave was "more likely than not" the reason for his termination. Suitor's motion for reconsideration will be denied.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff Suitor's motion for reconsideration, ECF No. 22, is **DENIED.**

Dated: June 21, 2018                                         s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---

[1] In his motion for reconsideration, Suitor discusses, at length, a recent oral ruling by Judge Lawson. At a pretrial hearing on a motion in limine in *Schram v. Dow Corning*, Judge Lawson concluded that evidence of interference was *relevant* at trial to support the plaintiff's retaliation theory. Case No. 2:16-cv-14312, Feb. 5, 2018, hearing. That holding is unremarkable, and utterly beside the point here. Relevance is a low bar and so plaintiffs often identify large amounts of relevant evidence. But a plaintiff must do much more than identify relevant evidence to avoid summary judgment on an FMLA claim. Rather, a plaintiff must satisfy the burden-shifting requirements of the *McDonnell Douglas* framework. Suitor has not done so here.